SINCLAIR REFINING COMPANY *v.* LOWERY.

4-5545                                    131 S. W. 2d 633

Opinion delivered June 26, 1939.

*Henry H. Rightor, Jr.,* for appellant.

*C. L. Polk, Jr.,* for appellee.

HOLT, J. Appellant, plaintiff below, brought this action of unlawful detainer to recover from appellee, defendant below, a filling station in the city of Helena, Arkansas.

The record reflects that appellee leased in writing the filling station in question from appellant for a period beginning September 21, 1937, and ending September 20, 1938, with the privilege to continue the lease from year to year, under certain conditions.

On the same day, September 21, 1937, appellant and appellee also entered into a Refined Oil Sales Agreement, covering the purchase and sale of gasoline. This agreement also ran for one year beginning September 21, 1937, with the privilege of renewal, under certain conditions. Two other agreements, not material here, were also entered into between these parties. The written lease agreement contained, among other things, the following provisions relating to its termination by either party: "That lessee may terminate said lease at the last mentioned date or on any succeeding anniversary thereof by giving written notice to lessor thirty days prior to the date upon which termination becomes effective and that lessor may terminate at any time by giving five days prior written notice to lessee. . . .

"All notices given under this instrument shall be in writing, and may be given either in the statutory method, if any, in the State where the premises are located or by depositing notice in the United States mail, postage prepaid, enclosed in an envelope addressed to the party to be notified at such party's address as shown in this instrument or at any other known address of Lessee, and the date upon which such notice is so mailed shall be treated as the date of service."

On September 9, 1938, the appellant informed appellee of its intention to cancel the lease on September 15, 1938, in the following letter:

"Mr. W. F. Lowery,
Cherry and Perry Streets,
Helena, Arkansas.

NOTICE:

"This is to notify you that Sinclair Refining Company has elected to cancel and terminate, and does hereby cancel and terminate, effective September 15, 1938, the following written contracts entered into with you, all in accordance with the terms and provisions thereof:

"Lease agreement—dealer, form 2073, dated September 21, 1937, covering service station premises located

"Cherry and Perry Streets,

"Helena, Arkansas.

"Refined Oil Sales Agreement, (tank wagon), form 731-D dated September 21, 1937.

"Equipment rental agreement, form 1800, dated September 21, 1937.

"Contract pertaining to the supplying of credit customers of the undersigned with petroleum products, form 2081-CS.

"Sinclair Refining Company,

/s/ A. M. Buck, Manager,

Southwestern District.

"AHB :fwe

Registered Mail
Return Receipt Requested
Deliver to addressee only."

This letter was received by appellee on September 12, 1938. Following the receipt of this letter, appellee refused to vacate, and to surrender the filling station to appellant on the 15th and thereafter on the 17th appellant served a three days' notice to vacate before filing suit in unlawful detainer. (Pope's Digest, § 6035).

Appellee moved off the property and vacated same on September 26, 1938, and on the next day appellant went into possession.

On September 20, 1938, appellant, plaintiff below, filed its complaint of unlawful detainer against appellee and asked for judgment for possession of said property and for damages "as will accrue and for the cost of this action."

To this complaint appellee filed answer and cross-complaint. Appellee admitted in his answer the execution of the lease contract and the agreement whereby appellant should furnish oil and gasoline. He further admitted that appellant might terminate the lease contract by giving five days notice. He denied, however, that appellant had given him the five days notice as required by the lease contract.

In his cross-complaint he sought damages for depreciation in the value of his equipment used in the station, for humiliation, embarrassment, loss of good will, and damage to his reputation on account of appellant's failure to furnish oil and gasoline to him, and sought recovery on his cross-complaint in the sum of $1,000.

Upon a trial to a jury, a judgment was returned against appellant in the sum of $400 on appellee's cross-complaint or counterclaim. From the judgment rendered on the jury's verdict comes this appeal.

The view that we take of this case makes it necessary to consider only the question of the sufficiency of the five days' written notice which appellant claims was given to appellee to vacate the property in question.

Was this notice sufficient under the terms of the lease? We think it was. That the parties involved here had the right to enter into the lease contract in question there can be no doubt. It is clearly provided under its terms in plain and unambiguous language that the lessor, appellant here, may terminate the lease at any time by giving five days' prior written notice to the lessee, appellee here, and it is further provided that this notice may be given by depositing same in the mail, postage prepaid, enclosed in an envelope addressed to the party to be notified at such party's address, and that the date upon which it is mailed shall be treated as the date of service.

It is undisputed in this record that the notice, *supra*, bearing date of September 9, 1938, was received in a registered letter by appellee in Helena, Arkansas, on September 12, 1938, and that said letter was sent by mail from appellant's office at Fort Worth, Texas. September 9th was on a Friday; September 10th, Saturday; September 11th, Sunday; and September 12th, Monday, the date appellee admits the receipt of the registered letter containing the notice in question.

The record reflects that the appellee, himself, introduced in evidence the notice in question bearing the date of September 9th. He admits receiving it through

the mails. We think he is bound by the contents of this letter, and is in no position to deny that the notice was written, as indicated by its date, September 9th, and mailed on that date, and reached him in due course of mail. Therefore, since we hold that he was given the full five days prior notice in accordance with the plain terms of the lease contract he was not entitled to continue to occupy the premises beyond September 15, 1938, and he is, therefore, not entitled to any judgment against appellant on his cross-complaint or counterclaim in this case.

We conclude, therefore, that the trial court erred in submitting the cause to the jury at the close of all the testimony, and the judgment is accordingly reversed with directions to dismiss the cross-complaint or counterclaim of appellee.